UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MOTLEY,

       Plaintiff,

                                  CASE NO. 05-CV-71064-DT
v.                            JUDGE GERALD E. ROSEN
                                  MAGISTRATE JUDGE PAUL KOMIVES

SECURITAS SECURITY SERVICES USA,
INC., FOREST CITY ENTERPRISES, INC.,
JAMES G. TRACZ, and AL WROBLESKI,

       Defendants.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION ADDRESSING THE IMPACT OF *BURLINGTON NORTHER & SANTA FEE RAILWAY V. WHITE*

I.      RECOMMENDATION: The Court should conclude that the Supreme Court's recent decision in *Burlington Northern & Santa Fe Railway v. White* does not alter my previous recommendation that defendants' are entitled to summary judgment. Accordingly, the Court should grant defendants' motions for summary judgment for the reasons set forth in my Report and Recommendation filed on June 19, 2006.

II.     REPORT:

A.     *Background*

Plaintiff Larry Motley commenced this action on April 28, 2005, against defendants Securitas Services USA, Inc. (Securitas), Forest City Enterprises, Inc., James G. Tracz, and Al Wrobleski. In his *pro se* complaint, plaintiff alleges that defendants discriminated against him on the basis of his race and retaliated against him for complaining about their discriminatory practices, both in violation of Title VII of the Civil Rights Act of 1964. On June 19, 2006, I filed a Report in which I recommended that the Court grant defendants' motions for summary judgment. Three days

later, on June 22, 2006, the Supreme Court issued its decision in *Burlington N. & S.F. Ry. v. White*, No. 05-259 (U.S. June 22, 2006). The Court's decision in that case significantly altered the standard applicable to retaliation claims under Title VII. Because the Court's decision may bear on the recommendation I previously filed, it is appropriate to address the impact of the Court's decision on plaintiff's claims.[1]

B.     *Analysis*

    1.     *The <u>Burlington Northern</u> Decision*

As explained in my initial Report, under the governing Sixth Circuit law plaintiff is required to establish four elements to establish a *prima facie* case of retaliation. Specifically, he must show: (1) that []he engaged in protected activity; (2) that defendant knew of this exercise of [his] protected activity; (3) that defendant consequently took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and adverse employment action." *Balmer v. HCA, Inc.*, 423 F.3d 606, 614 (6th Cir. 2005); *see also*, Report & Recommendation, dated 6/19/06, at 17 [hereinafter "R&R"]. In *Burlington Northern*, the Supreme Court significantly altered the third element of this test.

The Court's decision consists of two holdings. First, rejecting the Sixth Circuit's test, the Court concluded that the adverse action need not be an employment related action such as hiring, firing, demotion, or other changes in the actual employment relationship. Noting the different language between the substantive discrimination provisions of Title VII and the retaliation provision, the Court explained that "the anti-retaliation provision, unlike the substantive provision,

---

[1] Because plaintiff is proceeding *pro se* and the Court's decision is as yet unavailable in any published source, I will direct the Clerk to include a copy of the Court's slip opinion with the copy of this Report which is mailed to plaintiff.

is not limited to discriminatory actions that affect the terms and conditions of employment."

*Burlington Northern*, slip op. at 9.  The Court concluded that:

> Title VII's substantive provision and its anti-retaliation provision are not coterminous.  The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm.  We therefore reject the standards employed in the Courts of Appeals that have treated the anti-retaliation provision as forbidding the same conduct prohibited by the anti-discrimination provision and that have limited actionable retaliation to so-called 'ultimate employment decisions.'"

*Id*. at 12.[2]

In its second holding, the Court explained what sort of actions–both employment-related and non-employment-related–are sufficiently severe to state a retaliation claim under Title VII.  On this issue, the Court held that to establish an actionable adverse action sufficient to sustain a retaliation claim "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."'" *Id*. at 13 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (quoting *Washington v. Illinois Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005))).

The Court was careful to note two things about this test.  First, the Court emphasized that adversity alone is not enough; rather the action must amount to "*material* adversity."  *Id*. (emphasis in original).  Material adversity is required, the Court explained, because "it is important to separate

---

[2]In reaching this conclusion, the Court expressly overturned the Sixth Circuit's test for retaliation, as it relates to the adverse action prong of that test.  First, *Burlington Northern* involved review of a Sixth Circuit case, and the Supreme Court reversed the decision of the Sixth Circuit.  Second, as the quoted text indicates, the Court explicitly rejected the approach of those courts that have found the discrimination and retaliation provisions coterminous, and the Court described the Sixth Circuit's approach in the case before the Court as adopting precisely this approach.  *See Burlington Northern*, slip op. at 5.

significant from trivial harms." *Id*. The retaliation provision does not "immunize [an] employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id*. Second, the Court emphasized that it referred "to reactions of a *reasonable* employee because we believe that the provision's standard for judging harm must be objective." *Id*. at 14. Further, the Court noted that it "phrase[d] the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id*.

      2.     *Effect of <u>Burlington Northern</u> on My Prior Recommendation*

Notwithstanding the Court's decision in *Burlington Northern*, the Court should reach the same conclusion recommended in my initial Report. With respect to the Forest City defendants, *Burlington Northern* has no bearing on the analysis of whether or not these defendants are "employers" of plaintiff and thus subject to Title VII liability. Similarly, *Burlington Northern* does not address the standards governing substantive discrimination claims under Title VII, and thus does not affect my analysis of plaintiff's discrimination claims against defendant Securitas.

With respect to plaintiff's retaliation claims, *Burlington Northern* does not alter my original recommendation that defendant Securitas is entitled to summary judgment, because that recommendation was not based on plaintiff's failure to show an adverse employment action. Rather, I concluded that with respect to each of the alleged adverse actions, plaintiff had failed to establish a causal connection between the adverse action and the protected activity. *See* R&R, at 18-20. The Court did not address the causal connection element in *Burlington Northern*, and nothing in the Court's decision calls into question either the continued validity of this element or its application by the courts. Because *Burlington Northern* does not alter the analysis with respect to the element

of his *prima facie* case which I concluded plaintiff had failed to meet, the Court's decision compels neither an analysis or a conclusion different from that reflected in my prior Report.[3]

C.     *Conclusion*

In view of the foregoing, the Court should conclude that *Burlington Northern* does not impact the resolution of plaintiff's retaliation claims. Accordingly, the Court should grant the defendants' motions for summary judgment for the reasons explained in my prior Report.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not

---

[3]I did note that, although it was not necessary to consider the issue, plaintiff's retaliation claims would also fail on alternative bases. Specifically, with respect to his transfer and increased scrutiny claims, I noted that plaintiff's retaliation claims on these bases would also fail because plaintiff's transfer and the increased scrutiny to which he was subjected did not constitute adverse actions with respect to his discrimination claim, and thus did not constitute adverse actions with respect to his retaliation claims. *See* R&R, at 20-21 n.4. *Burlington Northern* does call into question this alternative conclusion, and at least with respect to the transfer issue plaintiff likely has established an adverse action for purposes of his retaliation claim under the *Burlington Northern* standard. *See Burlington Northern*, slip op. at 16-17 (discussing when a reassignment of duties constitutes an adverse action). Because this suggestion was only an alternative basis for concluding that defendant Securitas is entitled to summary judgment, *Burlington Northern* does not compel a conclusion different from the one I reached in my initial Report. However if, contrary to my recommendation, the Court concludes that plaintiff has established a causal connection between the adverse action and the protected activity, the Court should not grant summary judgment on the alternative basis of plaintiff's failure to establish an adverse action without giving further consideration to the issue in light of *Burlington Northern*.

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2006

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2006.
>
> s/Eddrey Butts
> Case Manager